UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-mj-03846-AOR _____

UNITED STATES OF AMERICA

vs.

ROBELIN FELIZ PAVLIN,
NOREN RAMON HERNANDEZ, and
CESAR AGUSTA FELIZ,

    **Defendants.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013?   \_\_\_ Yes   _X_ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014?   \_\_\_ Yes   _X_ No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019?   \_\_\_ Yes   _X_ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: *Ellen D'Angelo*
Ellen D'Angelo
Assistant United States Attorney
Court ID No.: A5502579
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9349
ellen.d'angelo@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>ROBELIN FELIZ PAVLIN,<br>NOREN RAMON HERNANDEZ, and<br>CESAR AGUSTA FELIZ,<br><br>*Defendant(s)* | Case No. 1:20-mj-03846-AOR |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about   October 8, 2020  , upon the high seas outside the jurisdiction any particular state or district, in international waters, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1); all in violation of 46 U.S.C. § 70506(b).<br><br>Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(B), it is further alleged that this violation involved five (5) or more kilograms of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Complainant's signature*

DEA TFO Marcelino Mariabello
*Printed name and title*

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by FaceTime this  20  th day of October, 2020.

Date:  10/20/20 

City and state:  Miami, Florida 

Alicia M. Otazo-Reyes, U.S. Magistrate Judge
*Judge's signature*

*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Marcelino Mariabello, being duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am employed as a detective with the City of Sunny Isles Beach Police Department and have served in this capacity since February 2008. I am currently a Task Force Officer with the Drug Enforcement Administration ("DEA") and have served in this capacity since August 2017. As such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 21 and 46 of the United States Code. I am currently assigned to the DEA's Miami Field Division in Miami, Florida and have personally conducted and participated in numerous investigations resulting in the arrest and prosecution of various individuals for federal narcotics violations. Based on my training and experience as a Task Force Officer with the DEA, I am familiar with the manner in which narcotics traffickers and narcotics-trafficking organizations operate. I am also knowledgeable about federal criminal statutes, particularly narcotics statutes.

2. The facts set forth in this Affidavit are based on my personal knowledge as well as documents provided to me in my official capacity, information obtained from other individuals, including officers and witnesses, my review of documents and records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information contained in this Affidavit is true and correct to the best of my knowledge and belief. Because this Affidavit is solely for the purpose of establishing probable cause, it does not contain all of the information known about this investigation.

3. This Affidavit is submitted for the limited purpose of establishing probable cause that **ROBELIN FELIZ PAVLIN** ("FELIZ PAVLIN"), **NOREN RAMON HERNANDEZ** ("RAMON HERNANDEZ"), and **CESAR AGUSTA FELIZ** ("AGUSTA FELIZ"), did knowingly and intentionally conspire to possess with intent to distribute a controlled substance, that is, five (5) kilograms or more of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

## PROBABLE CAUSE

4. On October 8, 2020, while on patrol in the area of the Atlantic Ocean, a maritime patrol aircraft ("MPA") detected a go-fast vessel ("GFV") operating approximately 90 nautical miles north of La Guajira, Colombia, in international waters and upon the high seas. The Royal Fleet Auxiliary ("RFA") *ARGUS*, assisted by the United States Coast Guard, was patrolling nearby and diverted to intercept the GFV.

5. The RFA *ARGUS* launched its aircraft, and upon the aircraft's arrival on scene, members reported persons on board the GFV jettisoning packages as the GFV fled in a northbound direction. The GFV had no indicia of nationality. Suspecting the GFV of smuggling drugs, authorization was given to deploy airborne use of force. The aircraft employed warning shots, which were not effective in preventing the GFV from fleeing. The aircraft then employed disabling fire, which was effective, and the GFV became stationary in the water.

6. While awaiting the arrival of the RFA *ARGUS*, the aircraft provided overflight surveillance of the disabled GFV and witnessed the persons on board jettison bale-sized packages. Based on my training and experience, bale-sized packages transported by narcotics traffickers

2

using GFVs usually contain more than five (5) kilograms of narcotics.

7. Law enforcement from the RFA *ARGUS* arrived and completed a right of visit boarding of the GFV. There were three individuals on board, who were later identified as **FELIZ PAVLIN**, a Dominican national, **RAMON HERNANDEZ**, a Venezuelan national, and **AGUSTA FELIZ**, a Dominican national. When asked, **FELIZ PAVLIN** identified himself as the master of the vessel. **FELIZ PAVLIN** claimed the Dominican Republic as the nationality of the vessel. Based on these statements, the United States contacted the government of the Dominican Republic, who advised that it could neither confirm nor deny registration of the GFV. Due to the Dominican Republic's response, the GFV was treated as a vessel without nationality and, therefore, subject to the jurisdiction of the United States.

8. A full law enforcement boarding was conducted, and a search of the GFV for narcotics yielded negative results. An IONSCAN, which is a system used for the detection and identification of trace amounts of narcotics, was also done on the GFV and yielded positive results for cocaine. Additionally, IONSCANs of **FELIZ PAVLIN's**, **RAMON HERNANDEZ's**, and **AGUSTA FELIZ's** hands and forearms tested positive for cocaine.

9. Law enforcement conducted searches in the area of the jettisoned packages, however, no contraband was recovered.

10. **FELIZ PAVLIN**, **RAMON HERNANDEZ**, and **AGUSTA FELIZ** were detained and transferred to a United States Coast Guard Cutter ("USCGC"). The USCGC is scheduled to arrive with **FELIZ PAVLIN**, **RAMON HERNANDEZ**, and **AGUSTA FELIZ** on board on October 21, 2020 in the Southern District of Florida.

## CONCLUSION

11. Based upon the information provided above, I respectfully submit that probable cause exists to believe that ROBELIN FELIZ PAVLIN, NOREN RAMON HERNANDEZ, and CESAR AGUSTA FELIZ did knowingly and intentionally conspire to possess with intent to distribute a controlled substance, that is, five (5) kilograms or more of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
MARCELINO MARIABELLO
TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by FaceTime this __20__ th day of October, 2020.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA